1816.

HEYER
v.
DEAVES.

*HEYER *against* DEAVES.

All sales of mortgaged premises, under a decree of the Court, must be made by a master, or under his immediate direction. A sale by a person deputed for the purpose by a master, in his absence, is irregular, and will be set aside.

*August* 12th. WOODWARD, for the defendant, moved to set aside a sale of the mortgaged premises made under a decree of this Court, as being unduly conducted, and made in the absence of a master.

*H. Bleecker*, contra.

THE CHANCELLOR. The master, being sick, did not attend the sale, but deputed a competent agent, who attended and sold the land. The objections to the fairness and regularity of the sale are denied and completely removed, except the objection that the sale was not made by a master who was present. The statute says, (*Laws*, sess. 36. ch. 95. sec. 11.) "that all sales of mortgaged premises, under a decree, shall be made by a master;" and I do not think it proper to allow such a trust as this to be the subject of a special deputation. It appears, by one of the affidavits, that the master in whose name the mortgaged premises were sold, was, at the time, in the city of *New-York*, about 90 miles from the place of sale. If he had been present, and had employed an auctioneer or cryer, it would still have been his sale, and the parties would have had all the benefit of his superintendence and judgment. But to allow such a sale as this to stand, would open the door to a very lax and dangerous practice. The statute intended that such sales should be under the immediate direction of a known and responsible public officer. An under or deputy-master is not an officer known in law.

[ * 155 ] *I shall, therefore, direct, that the sale, and all proceedings thereon, be annulled, and that the mortgaged premises be again sold under the former decree of this Court, for that purpose, and according to the directions thereof, and that the question of costs on this motion be reserved.