## MEYER vs. BISHOP.

1. Equity will not give any aid not demanded by strict rules, to a party seeking to set aside a sheriff's sale under an execution issued out of this court, where, since such sale, he has procured a sale of the same premises to be made under a judgment recovered by himself, while he was disputing the validity of such prior sale, and without the slightest notice to any of the persons interested, except such as was given by adjournment from week to week for more than a year.

2. A general verbal direction by a sheriff to an assistant in his office, to make the sales and adjournments necessary on a given day, confers no authority to make a sale, and a sale made under such direction will be set aside.

3. A sheriff cannot constitute a special deputy to serve even an original writ, by a mere verbal command, without delivery of the writ.

4. In the absence of statutory provision, the general rule is that judicial sales shall be made in the presence and under the immediate supervision of the officer designated in the decree commanding the sale. The statute (*Revision* 767,) however, held to be declaratory upon the subject.

5. A special deputy of a sheriff is in no sense a public officer, but merely the private agent or officer of the sheriff, and neither his appointment nor his relation to the sheriff can be presumed from his acts.

6. Where the complainant under foreclosure proceedings is the purchaser of the mortgaged premises, the sale may be set aside on petition; a bill is not necessary.

On petition of Ezekiel M. Patterson to set aside a sale of mortgaged premises made by the sheriff of Middlesex.

*Mr. Oscar Keen,* for petitioner.

*Mr. A. V. Schenck, contra.*

THE VICE-CHANCELLOR.

The petitioner, who claims to have a lien, by virtue of a judgment recovered by him against James Bishop, on certain mortgaged premises sold by the sheriff of Middlesex county, under a *fieri facias* issued out of this court, seeks to have the sale set aside, and a re-sale made, for three reasons: First,

because it was made in the sheriff's absence, by a person having no authority to make it; second, because it was made on the day first advertised, without adjournment, against the petitioner's protest, and contrary to the custom prevailing in that county for many years, whereby he was surprised, and lost an opportunity of bidding more for the property than it was sold for; and third, because the property was sold for a price grossly inadequate.

The proofs in support of the two last reasons entirely fail, in my judgment, to present a case which demands the action of the court. Besides, the conduct of the petitioner since the sale, in procuring a sale to be made under his judgment, while he was disputing the validity of the prior sale in this court, and without the slightest notice to any of the persons interested, except such as was given by adjournments from week to week for more than a year, does not make it the duty of the court to give him any aid not demanded by strict rules.

The first reason presents the only question entitled to consideration. It is undisputed that the sale was made in the sheriff's absence, by a person who says he was the sheriff's assistant under a verbal contract to take charge of his office and business affairs, and who made it pursuant to a general verbal direction to make the sales and adjournments necessary on that day.

The important question is, did this general verbal direction confer authority to make the sale? Deputy sheriffs are of two kinds, general and special. A general deputy, or under-sheriff, is a public officer constituted by formal written appointment, executed under hand and seal, which confers upon him power to perform the ordinary duties of the office; while a special deputy is constituted by special appointment, creating him an officer of the sheriff, *pro hac vice*, to execute a particular writ. *Allen* v. *Smith*, 7 *Halst.* 159. If the design in this case was to appoint an under-sheriff, and he could only take general charge of the office as such officer, the mode of appointment was absolutely ineffectual. Such an appointment can only be made by writing, under the sheriff's hand

and seal; and until the appointee qualifies by oath, and by filing his appointment and oath in the office of the clerk of the Court of Common Pleas of his county, all his acts and proceedings, by force of statutory provision, are absolutely void. *Nix. Dig.* 893, §§ 37, 38. At common law, a bailiff of a liberty, with general authority to serve and return writs, could only be appointed by writing under seal, but a servant or special bailiff might be authorized to execute a particular writ, either by delivering it to him with a verbal command, or by warrant in writing. *Kloepping* v. *Stell-macher*, 7 *Vroom* 178; *Sewell on Sheriffs* 103. In the case just cited, Judge Depue, speaking of the mode in which special deputies are constituted in this state to serve original writs, says: " In this state the practice has been to endorse a deputation in writing on the writ. Whether the service of a writ in ordinary cases, by special deputy under a verbal authority, would be sustained, it is not necessary to decide. The protection of sheriffs from the assumption of third persons to act in their names, as well as the safety of parties from the illegal acts of persons having no official character, would require that the authority of such persons to discharge the official duties of the sheriff should be in writing." In *James* ads. *Cox*, 4 *Halst.* 335, it was held a sheriff could not give a general authority to his attorney to appoint special deputies, and a writ of dower served by a person appointed by the sheriff's attorney, in the sheriff's name, by writing, was quashed. This case declares the sheriff cannot delegate his authority to an attorney to appoint a special deputy, and also that the sheriff's ratification will not give validity to the act of an unauthorized person, for the return to the writ in this case must have been drawn and signed by the sheriff.

The editor of Fisher's Digest, (4 *Fisher's Com. L. Dig.* 7817,) in his summary of the opinion in *Seal* v. *Hudson*, 2 *Bail Court Rep.* 55, and *S. C.*, 4 *Dow & Lowndes* 760, says, merely writing the name of a particular officer on the back of a *fi. fa.* or *ca. sa.* in the place where the direction to levy or

arrest are written, coupled with a letter by the plaintiff's attorney, directing the particular officer to hold possession after levy, is not sufficient to constitute an appointment of a special bailiff. The summary does not show who endorsed the officer's name on the writ, nor who delivered it to him.

In view of these authorities, I think it must be held a sheriff cannot constitute a special deputy to serve even an original writ, by a mere verbal command, without delivery of the writ.

The appointment under consideration was not accompanied by the delivery of any process, and does not seem to have been limited to the performance of a specific act, in a single case, but to have been designed to operate as a complete transfer of the general powers of the office, for that day at least, for the direction was to make all the sales and adjournments necessary on that day. The appointee was, *pro tempore,* to exercise all the powers of the office, and to be as fully invested with the sheriff's prerogatives as though he had been elected, commissioned and sworn. He was to exercise the discretionary power of adjournment conferred by the statute, (*Revision* 753, § 5); to decide the order in which the several sales advertised for that day should be made; also, whose bids should be accepted and whose refused, (*Merwin* v. *Smith,* 1 *Green's Ch.* 197); whether the sales had been properly advertised or not, and also whether the sum bid for any specific piece of property was sufficient to justify a sale, or was so grossly inadequate as to render a sale of it nugatory. (*Cummins* v. *Little,* 1 *C. E. Green* 49.) To permit a sheriff to delegate the large and important discretionary powers with which he is invested in making sale of real estate, by simply uttering a verbal command to any subordinate he may call to his aid, and to allow such subordinate to exercise these powers in the sheriff's absence, without even an oath that he will use them faithfully, would manifestly inaugurate a new and dangerous practice, and give countenance to a palpable violation of the obvious purpose of the law. Whatever may have been

the real purpose of the sheriff, his conduct, in the instance under examination, must, in legal contemplation, be regarded as an attempt to appoint an under-sheriff, in utter defiance of the plain requirements of the statute.

A purchaser of land at sheriff's sale has a right to the best conveyance, in point of form, that can be made. By the thirteenth section of the act relative to the sale of lands, (*Revision* 757,) it is made the duty of the sheriff, by oath appended to each deed made by him, to verify the validity of the execution under which the sale was made, so far, at least, as it could be affected by his acts, and to give assurance that the money ordered to be made by it has not been paid; that the time and place of sale were duly advertised, and that the grantee was a *bona fide* purchaser for the best price that could be obtained; and it is also enacted, that a deed executed in such form shall be evidence of a good and valid sale and conveyance. Every purchaser has a right to a deed executed in conformity to this statute. Its obvious design is to give greater security to titles made by virtue of judicial sales, and thus promote the interest of both debtor and creditor. The oath can only be made upon personal knowledge. To permit it to have full effect, when made upon hearsay, or the representations of a subordinate having no official character, would defeat one of the main objects of the law. In my opinion, the statute contains a clear legislative declaration that judicial sales of land shall be made in the presence and under the immediate direction of the officer having authority to transfer the title. In the absence of a statutory provision like that just quoted, the general rule is, that judicial sales shall be made in the presence and under the immediate supervision of the officer designated in the decree commanding the sale. *Blossom* v. *Railroad Co.*, 3 *Wall.* 205; *Rorer on Jud. Sales*, §§ 88, 89. Chancellor Kent, in *Heyer* v. *Deaves*, 2 *Johns. Ch.* 154, set aside a sale made by an agent of the master appointed to sell, who could not be present at the sale in consequence of sickness, declaring it was the evident purpose of a statute which directed "all sales of mortgaged premises, under

a decree, should be made by a master," that such sales should be under the direction of a known and responsible officer, and to allow a sale to stand, made in the way that had been, would open the door to a very lax and dangerous practice. It is clear the sale in question was not made by an officer having authority to make it, and it must, therefore, be set aside.

The acts of the sheriff's subordinate derive no strength from the rule that the acts of a public officer, *de facto*, are to be esteemed valid in respect to the public and the rights of third persons. As under-sheriff, all his acts were absolutely void, by the plain letter of the statute, for the want of a valid appointment and an oath. As special deputy, he was in no sense a public officer, but merely the private agent or officer of the sheriff, and neither his appointment nor his relation to the sheriff, can be presumed from his acts. *Short* v. *Lee*, 2 *Jac. & W.* 468; 1 *Greenl. Ev.*, § 83, *n.* 4. The rule referred to has no application to the acts of such an officer.

The sale may be set aside on petition; a bill is not necessary, the complainant being the purchaser. *Campbell* v. *Gardner*, 3 *Stockt.* 423.