E. C. BOWMAN AND SON COMPANY *vs.* C. NATHALIE HERN & others.

Middlesex.    March 18, 1921. — June 3, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Equity Pleading and Practice*, Appeal, Master. *Equity Jurisdiction, Res Judicata. Judgment.*

Upon an appeal from a final decree in a suit in equity, findings of a master which were based solely upon the record and papers in a previous suit, all of which were before him and which were incorporated in his report by reference, may be reviewed.

A corporation brought against one who was its president and against one H and H's wife a bill in equity containing allegations that its president without authority had paid over a large sum of its money to H who fraudulently had converted it to his own use with knowledge of and in violation of the plaintiff's rights; that, with intent to avoid attachments and pursuant to his scheme to defraud the

plaintiff and its creditors, H had invested a large part of the money in real estate standing in his name "and also in certain real estate in the name of his wife . . . all of which real estate is situated in" Woburn, the real estate not otherwise being specifically described in the bill, and that H had " practically no funds of his own with which to repay said sum" outside the real estate standing in his name and that in the name of his wife. The suit was referred to a master, whose report was confirmed. He found that the plaintiff's president without formal approval but with the knowledge of a majority of the plaintiff's directors paid the money in question to H to adjust and settle claims of creditors of the plaintiff; that in carrying out the trust reposed in him H acted in an unbusinesslike manner and so dealt with the property that it was difficult to determine what became of it and to form any satisfactory judgment as to the propriety of numerous payments made by him, the disposition of funds made by him, and the title to various properties concerned in his transactions in behalf of the corporation; and that a certain amount of money was due to the plaintiff from H, which included the entire balance of moneys turned over to him as to which the plaintiff was entitled to an accounting and to relief. A final decree was entered directing H to pay the sum stated to the plaintiff, that, in default of such payment, certain real estate of H, specifically described, be sold for satisfaction of the debt and that other real estate, specifically described as standing in the name of H and of his wife, be conveyed to the plaintiff. Subsequently the plaintiff brought another bill in equity against H and his wife and a third person alleging that H, with money belonging to the plaintiff, which, it was conceded, was the same money referred to in the first suit, had purchased certain specifically described parcels of real estate, taking title in the name of his wife, that he had mortgaged such real estate to the third person, to secure the payment of a debt, the mortgagee having notice of the plaintiff's rights, and that the mortgagee was about to foreclose the mortgage. The prayers of the second bill were that the foreclosure of the mortgage be enjoined and that the property be declared to be the plaintiff's. The property specifically described in the second bill was not specifically described in the first bill, no evidence relating to it was introduced before the master in that suit, the master made no findings as to it specifically and it was not affected by the final decree in that suit. The decree in the first suit, so far as it related to the payment of money by H to the plaintiff, had not been fully satisfied. In the second suit the defendants contended in their answer that the matters therein were *res judicata* by reason of the decree in the first suit. *Held*, that

(1) The wrongful investment of the plaintiff's money in real estate standing in the name of H's wife was directly in issue in the first suit;

(2) The cause of action, the wrongful appropriation of the plaintiff's money, was the same in both suits;

(3) The plaintiff was concluded by the decree in the first suit not only upon all issues which actually were tried but also upon all issues which might have been tried therein;

(4) The subject matter of the second suit was *res judicata* by reason of the final decree in the first suit.

BILL IN EQUITY, filed in the Superior Court on March 30, 1920, against C. Nathalie Hern, John J. Hern, Clarence H. Dearmond and Albion L. Millan, containing allegations in substance that the defendant John J. Hern purchased " with money belonging

to the plaintiff " two parcels of land, specifically described in the bill, taking title originally in the name of the defendants Dearmond and C. Nathalie Hern and that Dearmond conveyed his title to C. Nathalie Hern; that " On or about June 29, 1915, this plaintiff brought a bill in equity against said John J. Hern and others to recover the amount of money alleged in said bill to have been so received by him. A decree upon said bill was entered by the plaintiff on or about. December 28, 1918, but in and by said decree the question of purchase of said . . . described lots of land was not determined;" that John J. Hern also expended "large sums of money belonging to the plaintiff . . . for the improvement and benefit of " another parcel of property specifically described; that the defendants Hern had given to the defendant Millan to secure the payment of $9,000, a pre-existing debt due to him from John J. Hern, a mortgage on all three of the parcels, the mortgagee knowing that two of the parcels "were bought with money belonging to the plaintiff and had been conveyed to said C. Nathalie Hern in fraud of the rights of the plaintiff," and that the defendant Millan had advertised the property for sale in foreclosure of the mortgage. The prayers of the bill were for a decree that two of the parcels were "the lawful property of the plaintiff," and that C. Nathalie Hern owed the plaintiff the sum spent upon the other parcel, that the foreclosure of the mortgage be enjoined and for general relief.

The defendants' answer contained an allegation in substance that, by reason of the final decree in the prior suit described in the opinion, the matters in this suit were *res judicata.*

The suit was referred to a master. The master found "that the bill in equity, the answers, reports of the master and the final decree in the case of E. C. Bowman & Sons Co. *v.* John J. Hern *et als.*, begun in June, 1915, in no way specifically indicated or showed that the matter of the present suit was included in that litigation." Other findings of the master are described in the opinion.

The suit was heard by *Lawton*, J., upon the master's report, to a confirmation of which the parties agreed, and the only question raised before him was "on the defendants' answer of *res judicata.*" He found and ruled "that the facts set out in the plaintiff's bill . . . bearing on the title of C. Nathalie Hern, were

set out in the [previous] bill in equity of E. C. Bowman & Son Co. *v.* Hern *et als.* . . . The fact that the two lots of land now in question were not described in the . . . [previous] bill by metes and bounds, and that in said bill there was no prayer specifically asking a reconveyance of said lots is immaterial. Doubtless no decree ordering a reconveyance could have been given without an amendment to the bill, but such an amendment would have been an amendment as to form only and not to the substance of the bill." A final decree dismissing the bill with costs payable to the defendant Millan was entered accordingly; and the plaintiff appealed.

*H. H. Pratt,* for the plaintiff.

*A. L. Millan,* for the defendants.

JENNEY, J. The plaintiff seeks to impose what is in its ultimate analysis a trust upon two parcels of land in Woburn which are the second and third parcels described in the bill. It bases its claim upon the finding of the master that the defendant John J. Hern received about $20,000 belonging to it for the purpose of use for its benefit, and upon the further finding that said Hern wrongfully used a part of the money in the purchase of this land, causing title to be taken in the name of his wife, the defendant C. Nathalie Hern, who paid nothing for it. On these facts the plaintiff was entitled in equity to a lien upon the property in the nature of a resulting trust; but the amount for which it would be entitled to establish such lien is not stated in the report. *Bresnihan* v. *Sheehan,* 125 Mass. 11. *National Mahaiwe Bank* v. *Barry,* 125 Mass. 20. *McGivney* v. *McGivney,* 142 Mass. 156. *Moore* v. *Stinson,* 144 Mass. 594.

It is assumed, but need not be decided that, apart from the effect of a prior bill in equity between the same parties, the plaintiff would be entitled to a decree not only as against the defendants Hern, but also against Albion L. Millan, who is a mortgagee.

"All the papers of record" in the prior case were in evidence before the master and made by reference a part of his report. His findings, so far as based solely thereon, however, are not conclusive, but were subject to review in the Superior Court and their correctness may be here considered. As to these, this court stands in the position of the master. *Harvey-Watts Co.* v. *Wor-*

*cester Umbrella Co.* 193 Mass. 138. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, and cases collected at page 334.

The bill in the first suit was by the same plaintiff against John J. Hern and other defendants, and by amendment against his wife. It alleges that Charles B. Bowman, a defendant, wholly without authority, paid over approximately $23,400, the plaintiff's property, to John J. Hern who took with notice, and that said Hern fraudulently converted said money to his own use in violation of the plaintiff's rights. It is conceded that the amount alleged to be wrongfully appropriated is that referred to in the master's report in the present suit. The first bill further alleges that John J. Hern "with intent to avoid attachment . . . and pursuant to his scheme to defraud complainant and the creditors of said corporation . . . has invested a large part of said sum so paid to him in certain real estate standing in his name and also in certain real estate in the name of his wife . . . C. Nathalie Hern, all of which real estate is situated in said Woburn;" and further that "the complainant is informed and believes and therefore avers that . . . [John J.] Hern has practically no funds of his own with which to repay said sum" outside of property described in the paragraph in the bill which contains the allegations as to real estate standing in his own name and in that of his wife. The prayers of the bill include one for general relief. The defendant joined issue. On this bill the plaintiff was entitled to relief of the character warranted by the frame of the bill upon the establishment of the allegations of fact therein contained. *Eastern Bridge & Structural Co.* v. *Worcester Auditorium Co.* 216 Mass. 426, 428. *Briggs* v. *Sanford,* 219 Mass. 572. *Cole* v. *Wells,* 224 Mass. 504, 514.

The report of the master to whom the first case was referred was confirmed by consent. Its confirmation established the findings made therein so far as they were relevant to the issues in suit; and upon the entry of a final decree they became conclusive. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 108. As to the matters pertinent to the present inquiry, he reported that the defendant Bowman "in his capacity as president and treasurer of the corporation, but without the formal act or sanction of either the stockholders or directors, but with the knowledge of at least a majority of the directors, authorized the defendant

Hern to adjust and settle the claims due from the corporation to the various creditors," and for this purpose turned over to said defendant $20,850.88 and also certain articles of personal property. Bowman undertook the satisfaction of the obligation of the plaintiff; and also erected for it a factory upon land in Woburn belonging to him. The master finds that in carrying out the trust reposed in him, Hern acted in an unbusinesslike manner and so dealt with the property that it is difficult to determine what became of it and to form any satisfactory judgment as to the propriety of numerous payments made by him, the disposition of funds made by him, and the title to various properties concerned in his transactions in behalf of the corporation. He concludes and finds that there is a balance due from Hern to the plaintiff of $4,177.69 with interest from November 5, 1915. It appears from the master's report that this amount includes the entire balance of moneys turned over to Hern as to which the plaintiff was entitled to an accounting and to relief.

A careful examination of this report shows that the master made no specific findings relative to the land upon which the plaintiff now seeks to impose an equitable lien; and the master in the case now considered finds that no evidence relating thereto was introduced in the first suit. The finding that C. Nathalie Hern is not liable to the plaintiff except as to real estate not here in controversy must be restricted to the evidence before the master.

A final decree entered by consent on January 20, 1920, established that there was then due from John J. Hern to the plaintiff $5,563.44 with interest from the date of the entry of the decree with costs, and ordered said Hern to pay to the plaintiff the amount required by the decree within thirty days, and in default of such payment directed the sale through a special master of the right, title, and interest of said Hern in real estate not now in controversy and in other property; it provided also for the conveyance by said Hern and his wife of other real estate also not affected by the second suit, and for additional relief not now material. The decree declared that nothing therein contained shall be "held, taken or considered as in any way or manner precluding the plaintiff from proceeding against said John J. Hern and C. Nathalie Hern, or either of them for any rents or moneys, or

anything in lieu of rents, received by him or her or her legal representatives, from or in connection," with the real estate which they are required by the terms of the decree to convey to the plaintiff.

In the present case it is found that the provisions of the decree ordering the payment of money have not been satisfied in full, but to what extent it is unsatisfied does not appear.

From the foregoing facts it appears that in the prior bill the present plaintiff sought an accounting with John J. Hern for money belonging to it and wrongfully appropriated by him, and obtained a decree establishing a balance due; that in the bill it was alleged that he had invested a large part of the amount in his possession in undescribed real estate standing in his name and in the name of his wife, said real estate being situated in Woburn; and that evidence was offered in support of this allegation as to real estate other than that referred to in the second suit. It is not found whether the plaintiff through its officers and agents knew the facts upon which it now claims relief.

The wrongful investment of the plaintiff's moneys in real estate standing in the name of C. Nathalie Hern was directly in issue on the allegations of the bill. The cause of action, the wrongful appropriation of the plaintiff's property, was the same in both suits. Although the bill contained no identifying description of such real estate, no demurrer was interposed. The allegation related to facts peculiarly within the knowledge of the defendants John J. Hern and C. Nathalie Hern and gave them sufficient information upon which they could and did answer. Evidence was admitted concerning one specific parcel and would have been admissible as to others if it had been offered, as it tended to support a direct and positive allegation of fact pertinent to the plaintiff's case. *Garrett* v. *Louisville & Nashville Railroad,* 235 U. S. 308, 313. These allegations are not within *Amy* v. *Manning,* 149 Mass. 487, which relates to the description necessary in order to make and effectuate an equitable attachment.

The decree entered in the first suit was upon the merits, and between the same parties so far as the question here at issue. The parties are concluded by it "not only upon all the issues which were actually tried, but upon all the issues which might have been tried in the former action; so that a new action for the

same cause of action, between the same parties, cannot be maintained or defended on grounds which might have been tried and determined in the former action." *Foye* v. *Patch*, 132 Mass. 105, 110. *Bassett* v. *Connecticut River Railroad*, 150 Mass. 178. *Cotter* v. *Boston & Northern Street Railway*, 190 Mass. 302. *Corbett* v. *Craven*, 193 Mass. 30. *Newhall* v. *Enterprise Mining Co.* 205 Mass. 585. *C. A. Briggs Co.* v. *National Wafer Co. supra.*

The decree dismissing the bill was properly entered and is affirmed with costs.

*Ordered accordingly.*