GEORGE KARAS *vs.* CARRIE KARAS.

Suffolk.   March 3, 1936. — April 2, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Res Judicata.*

A final decree dismissing on the merits a suit in equity by a husband against his wife, in which he sought to obtain as *cestui* under a resulting trust a conveyance of a share in land alleged to have been bought with the plaintiff's money, barred on the ground of *res judicata* a subsequent suit for payment to the plaintiff of the value of the share.

BILL IN EQUITY, filed in the Superior Court on February 15, 1935.

By order of *Swift*, J., an interlocutory decree was entered sustaining a plea of *res judicata;* by order of *Gray*, J., a final decree was entered dismissing the bill.   The plaintiff appealed.

*D. S. Turetsky*, (*L. Lebowitz* with him,) for the plaintiff.
*H. J. Booras*, (*J. A. Edgerly* with him,) for the defendant.

LUMMUS, J.   In *Karas* v. *Karas*, 288 Mass. 460, the plaintiff sought to obtain, as the *cestui* under a resulting trust, a half interest in real estate the title to which had been taken in the name of the defendant, his wife.   It was not found that the plaintiff paid the whole price, although

he paid almost all of it. Each, it was found, was to have some undefined share in the property. Upon these facts, the bill was dismissed, and on appeal the final decree was affirmed.

Afterwards the plaintiff brought a new bill, alleging as before that he paid the purchase price and was to have a half interest. But in the new bill he prayed, not for a conveyance of a half interest, but for the payment to him of the value of a half interest. The defendant filed a plea of former adjudication, which was sustained, and the new bill was dismissed with costs. The plaintiff appealed.

If the earlier bill was based upon the same cause of suit as the new bill, the final decree dismissing the earlier bill on the merits adjudicated against the plaintiff not only every issue raised and decided in the earlier suit, but also every issue that could have been raised and decided therein. *Corbett* v. *Craven,* 193 Mass. 30. *Hanzes* v. *Flavio,* 234 Mass. 320, 329. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 148, 149. *E. C. Bowman & Son Co.* v. *Hern,* 239 Mass. 200, 206, 207. *Cleaveland* v. *Malden Savings Bank,* 291 Mass. 295, 298. *Sandler* v. *Silk,* 292 Mass. 493, 498. *Tait* v. *Western Maryland Railway,* 289 U. S. 620, 623.

The question is, whether the claims or causes of suit, presented by the two bills, are the same. Both bills were founded on the same facts, and sought relief on the ground that the plaintiff had expended money and had been denied the expected benefit. The only difference was in the form of relief expressly claimed in the prayers. This difference does not impair the identity of the claims or causes of suit, even if it be assumed that the relief now sought could not have been given upon the earlier bill without amendment. *Mackintosh* v. *Chambers,* 285 Mass. 594, 596–598, and cases reviewed. *Gallagher* v. *Wheeler,* 292 Mass. 547, 551. *E. C. Bowman & Son Co.* v. *Hern,* 239 Mass. 200. *Baltimore Steamship Co.* v. *Phillips,* 274 U. S. 316. *Vinson* v. *Graham,* 44 Fed. Rep. (2d) 772. But we see no reason why the plaintiff, under the prayer for general relief implied in every bill (G. L. [Ter. Ed.] c. 214, § 12), and actually contained

in the earlier bill, could not have obtained upon that bill as drawn the relief now sought, if he had been entitled to it. *Eastern Bridge & Structural Co.* v. *Worcester Auditorium Co.* 216 Mass. 426, 428. *Raynes* v. *Sharp*, 238 Mass. 20, 24. *E. C. Bowman & Son Co.* v. *Hern*, 239 Mass. 200, 204. *George C. Miller & Co. Inc.* v. *Beagen*, 293 Mass. 54, 59–60.

The case is to be distinguished from *Sandler* v. *Silk*, 292 Mass. 493, 499, where the remedy sought by the second bill was held to be "for a distinct wrong" and "not merely an alternative remedy for the same wrong."

*Decree affirmed with costs.*