### JOHN M. NADOLSKI vs. ANGELO SANTUCCI.

Hampden.     October 6, 1925. — November 23, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Pleading and Practice*, Bill; Master: report, relevancy of findings; Decree; Appeal. *Way*, Private.

If an answer to a bill in equity to enjoin obstruction of a right of way merely denies the allegations of the bill and seeks no affirmative relief, and the master to whom the suit is referred finds that the right of way existed and that the defendant had obstructed it as charged in the bill, additional findings by the master, that the plaintiff in some particulars also had obstructed the way, are not relevant to the pleadings and are not established by an interlocutory decree confirming the report; and on appeal from a final decree granting relief to the plaintiff, there should be no modification of the decree to compel the plaintiff to remove the obstructions placed by him.

BILL IN EQUITY, filed in the Superior Court on September 4, 1912, seeking to enjoin the defendant from obstructing a right of way and for damages.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. The suit was heard upon the pleadings and the master's report by *Weed*, J., by whose order there were entered an interlocutory decree confirming the report and a final decree granting relief to the plaintiff as described in the opinion. The defendant appealed.

The case was submitted on briefs.

*C. J. Feriole & H. C. Silver*, for the defendant.

*F. A. Ballou*, for the plaintiff.

PIERCE, J.     This is an appeal by the defendant from a final decree of the Superior Court, which established the boundaries "in a right of driveway" between the north line of the described premises of the plaintiff in Westfield and the north line of the passageway, drawn in a straight line from the most southerly part of the defendant's store building near Elm Street, westerly to land formerly owned by one Michael Calnan; as also from so much of the decree as ordered that

the defendant "be perpetually restrained and enjoined from building and maintaining any buildings or other obstructions in or upon the plaintiff's right of way over the land of the defendant between the above described line and the northerly line of the plaintiff's premises."

The bill, by reference to transcripts of recorded deeds, traces the titles of the adjacent premises of the plaintiff and the defendant on Elm Street, Westfield, to a common grantor, and alleges the right of the plaintiff in a driveway across the south side of the premises owned by the defendant. The bill charges that the defendant has without right entered upon the described driveway, has constructed a "building or barn" thereon, and thereby has obstructed the plaintiff in the free use of the driveway. Among other prayers the bill seeks an injunction ordering the defendant to remove the building or barn. The answer denied the allegations of the bill, asking no affirmative relief by cross bill or otherwise.

After issue joined, the case was referred to a master according to the rule to hear the parties, to examine their vouchers and evidence, and make report of the facts thereof to the court. The master heard the parties and their witnesses, found the plaintiff had a right in a driveway over the land of the defendant within lines specifically determined, and further found that the driveway was obstructed by the unlawful intrusion of a house and barn to the extent pointed out in the final decree. The defendant in support of his appeal does not contend that the decree does not conform to the frame and prayer of the bill or is not supported by the findings of the master, but contends that it should be modified in such a way as to give force to the suggestion of the master that the plaintiff's sidewalk where it encroaches on the driveway near the westerly end of his hotel building should be lowered so that it shall be no higher in elevation than the sidewalk of the defendant at any given point directly opposite; and further, that the most westerly front steps on the plaintiff's tenement block, which project beyond the line of the driveway three and one quarter inches, should be set back to the line of the passageway.

These suggestions of the master were not relevant to the

issue presented by the pleadings, and there was nothing in the rule that justified the findings of fact, which would perhaps be material in support of a cross bill but were entirely immaterial as a defence in the issue raised by the bill and answer.  It follows that the confirmation of the report did not establish the facts which were the basis of the suggestion of the master, *E. C. Bowman & Son Co.* v. *Hern*, 239 Mass. 200, 204, and that such facts and recommendations were excluded rightfully from the decree.

*Decree affirmed.*