HENRY CUNNINGHAM & another *vs.* JOHN GANLEY.

Suffolk.    April 3, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To restrain action at law.    *Equity Pleading and Practice,* Answer.    *Tenants by the Entirety.    Husband and Wife. Landlord and Tenant,* Existence of relation, Validity of lease.    *Estoppel.    Evidence,* Competency, Relevancy and materiality.

While the general rule is that an injunction will not be granted in a suit in equity to restrain the defendant from proceeding with an action at law pending between him and the plaintiff if the plaintiff can fully and completely protect his rights in such an action, the defendant must set up such a defence in his answer in the suit in equity in order to be entitled to take advantage of it.    Per SANDERSON, J.

At the hearing of a suit in equity to enjoin the defendant from prosecuting an action of ejectment against his son-in-law, it appeared that the defendant's wife and son-in-law were plaintiffs; that the title to the property, of which the son-in-law was in possession, was in the defendant and his wife as tenants by the entirety; that the son-in-law was holding possession under a lease in writing from the defendant's wife, to whom he paid rent.    The judge, subject to an exception by the plaintiff, excluded evidence that, in criminal proceedings against the defendant for nonsupport, the court had set the amount which the defendant should pay his wife at a certain figure because the wife was receiving rent from the son-in-law, which the defendant orally had agreed she might receive.    The bill was ordered dismissed. *Held,* that

(1) The evidence properly was excluded: if admitted, it would not have shown that the son-in-law gained any rights under his lease from the defendant's wife which were valid against the defendant;

(2) The defendant was entitled to prosecute the action of ejectment against the son-in-law;

(3) Upon the facts offered to be proved, the defendant would not be estopped to maintain the action of ejectment against the son-in-law;

(4) The bill properly was ordered dismissed.

BILL IN EQUITY, filed in the Superior Court on May 12, 1928, and described in the opinion.

In the Superior Court, the suit was heard by *Williams,* J., upon an agreed statement of facts.    Material facts are

stated in the opinion. The judge ordered the bill dismissed. The plaintiffs alleged exceptions.

*J. L. O'Neill,* for the plaintiffs.

No argument nor brief for the defendant.

SANDERSON, J. In this suit the plaintiffs, who are respectively the son-in-law and wife of the defendant, seek to have him enjoined from prosecuting an action of ejectment brought by him against the plaintiff Cunningham, now pending in the Roxbury Municipal Court. The plaintiff Ellen Ganley occupies the top floor of a three-flat house; the plaintiff Cunningham and his wife occupy the second floor, under a written lease executed by Ellen Ganley to run for three years from November 23, 1927; and the defendant occupies the ground floor. The property is owned by the defendant and his wife, as tenants by the entirety. Since the date of the lease Cunningham has paid the rent reserved thereunder to Ellen Ganley, and has paid none to the defendant. In February, 1928, before the institution of the pending action of ejectment, the defendant gave Cunningham notice to vacate the premises on April 1, 1928.

The judge excluded evidence offered by the plaintiffs to prove that when a complaint for nonsupport instigated by Ellen Ganley against her husband, shortly after they separated in 1925, was pending in the Superior Court, the defendant was ordered to pay $7 a week and that the amount was fixed with the understanding and agreement of all parties that Ellen Ganley was to receive the rent of the second floor in addition to the amount fixed. He also excluded evidence to the effect that at a later time when the defendant was convicted in the Roxbury Municipal Court upon a new complaint for nonsupport both he and his attorney urged that the order should not exceed $7 a week because the defendant's wife was receiving $16 a month from Cunningham who was occupying the second floor, and that the judge in then making an order for the payment of $7 a week took into consideration the fact that Ellen Ganley was receiving the rent.

The general rule is that an injunction will not be granted to restrain the defendant from proceeding with an action at law pending between him and the plaintiff if the latter can

fully and completely protect his rights in such action. *American Broaching Machine Co.* v. *Marlborough Board of Trade*, 231 Mass. 522. *C. A. Spencer & Sons Co.* v. *Merrimac Valley Power & Buildings Co.* 242 Mass. 176. But to take advantage of this defence in the equity suit the matter must be pleaded therein. *Baker* v. *Langley*, 247 Mass. 127; 132. No such defence to this suit is set up.

In a tenancy by the entirety the husband is entitled to the rents and profits of the real estate. *Raptes* v. *Pappas*, 259 Mass. 37, 38. Cunningham gained no rights as a tenant under the lease executed by Ellen Ganley. If the evidence excluded had been admitted this could not be found to give validity to the lease from Ellen Ganley to Cunningham, nor could it prevent the defendant from gaining possession of the tenement occupied by the Cunninghams by proper legal proceedings. It is not contended that the Municipal Court made any order except for the payment of $7 a week. The defendant has entered into no agreement in writing relating to the occupation of the middle tenement, and the oral agreement, if made, would not estop him from setting up the invalidity of the lease executed by his wife or require him to permit Cunningham to continue to be his tenant for the term stated in it. Whether the judge of the Municipal Court was influenced by anything that may have been said to him about the payment of rent to Mrs. Ganley, or whether upon a different state of facts the allowance would have been larger, is not for another court to decide. In the exclusion of evidence and in the order for decree dismissing the bill, we find no error.

*Exceptions overruled.*