DEEB PETER & another *vs.* MARGARET SACKER.

Suffolk.    April 1, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Equity Pleading and Practice*, Order for a decree, Decree.  *Tenancy by the Entirety.  Husband and Wife.*

In a suit in equity by a husband against his wife to enjoin her from interfering with his possession of certain real estate, title to which was in both of them as tenants by the entirety, an order for a decree for the husband was made which also stated: "The decree is not to contain any injunction against the defendant's living in the premises in dispute, which is the only home the plaintiff has furnished for the defendant since the purchase of this real estate." A final decree was entered later which made no mention of the wife's right to remain in possession of a part of the premises but restrained her from thereafter interfering in any manner with the conduct by the husband of a lodging house on the premises. Thereafter the husband let the premises to one who, upon the wife's refusing to grant him possession, brought a suit in equity to compel her to relinquish possession. She filed a plea in bar, relying on the order for a decree in the suit of her husband against her. The plea was ordered overruled and a final decree was entered for the plaintiff. *Held,* that

(1) The order for a decree in the suit of the husband against the wife did not help the wife: the final decree and not the order was the judgment in that suit;

(2) The plea properly was overruled;

(3) The final decree for the plaintiff was proper.

BILL IN EQUITY, filed in the Superior Court on November 29, 1929, and described in the opinion.

The defendant filed the plea in bar described in the opinion, and also an answer. The suit was heard by *Bishop*, J., both on the plea in bar and on the merits. Material facts are stated in the opinion. A final decree was entered denying and overruling the plea and granting the plaintiff relief. The defendant appealed.

*E. F. Shamon*, for the defendant, submitted a brief.

*C. W. Lavers*, for the plaintiffs.

CARROLL, J. In this suit in equity the plaintiffs, who are lessees of a rooming house under a written lease from Baraket Sacker, seek to obtain possession of the premises from the defendant, Margaret Sacker, wife of the lessor, and to prevent her from interfering with the plaintiffs' possession of the property.

Baraket and Margaret Sacker held the estate as tenants by the entirety. The defendant here, by previous litigation with her husband, had sought to establish her rights in the property; her bill in equity in that proceeding was dismissed by a final decree. A suit by the husband against the wife was heard at the same time as her suit. In the suit by the husband a decree was entered restraining the defendant from "interfering thereafter in any manner with the conduct by the plaintiff of the lodging house" in question. Subsequently to the entry of this decree Baraket Sacker leased the premises to the present plaintiffs. In the Superior Court there was a decree for the plaintiffs, the defendant's plea in bar was overruled, and the defendant was enjoined from interfering with the plaintiffs' possession and was ordered "to give up to the plaintiffs on or before Saturday, December 21, 1929, possession of the rooms in the premises." The defendant excepted to the overruling of her plea in bar and appealed from the final decree.

The main contention of the defendant is that the decree was wrong in ordering her to surrender to the plaintiffs the rooms occupied by her. Baraket Sacker, the husband, holding with his wife the real estate as tenants by the entirety, had control during his lifetime and his lease of the property was valid while he lived. *Voigt* v. *Voigt*, 252 Mass. 582. *Raptes* v. *Pappas*, 259 Mass. 37. *Cunningham* v. *Ganley*, 267 Mass. 375. The defendant bases her right to remain in possession of the room or rooms occupied by her on the ground that in the previous suit by her husband against her the order for the decree stated: "The decree is not to contain any injunction against the defendant's living in the premises in dispute, which is the only home the plaintiff has furnished for the defendant since the purchase of this real estate." This order was dated April 24, 1929. When the final decree was entered on June 22, 1929, no mention was made of her right to remain in possession of a part of the house; she was restrained from thereafter interfering in any manner with the conduct by her husband of the lodging house "numbered twenty-five on Upton Street," Boston.

In the suit against her husband she asked that he be restrained from interfering with her management and operation of the lodging house; that it should be decreed that the lodging house business belonged to her; that her interest therein be protected. The bill in that suit by final decree not appealed from was ordered dismissed. In the suit against her brought by the husband she filed no cross bill asking for affirmative relief or seeking to retain possession of certain rooms in the house; nor did she set up in her answer to the husband's bill a claim for such relief. Equity Rule 6. *Les* v. *Alibozek*, 269 Mass. 153, 160. In that suit the husband asked that an account be taken and the defendant restrained from interfering with his possession of the premises No. 25 Upton Street or "interfering with any lodgers who are now occupying any part of said premises or who may hereafter occupy any part of said premises." In the order for a decree it is found that the defendant had "no interest legal or equitable in the real or personal

property in dispute, except her interest as a tenant by the entirety in the real estate."

The statement in the order for a decree in the litigation of the defendant and her husband does not help the defendant and does not prevent the plaintiffs here from gaining possession of the entire premises. The final decree in the husband's suit gave him possession of the entire property. The decree is the final decision, *Holcombe* v. *Creamer*, 231 Mass. 99, 103, and although it differed from the "findings, rulings and order for decree," it is final and by it the rights of the parties were determined. Fletcher Eq. Pl. & Pr. § 701. See in this connection *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1; *Gamwell* v. *Bigley,* 253 Mass. 378; *Nadolski* v. *Santucci,* 253 Mass. 577; *Cunningham* v. *Ganley, supra; Les* v. *Alibozek, supra.* The decree overruling and denying the plea in bar and directing the defendant to give up possession of the premises to the plaintiffs was right.

*Decree affirmed.*