IDA E. BAKER *vs.* NAPOLEON E. PORTER & others.

Franklin.    September 17, October 2, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Deed*, Reformation. *Equity Jurisdiction*, To reform deed, Equitable
  mortgage.   *Laches.   Mortgage*, Of real estate: equitable.

The following facts appeared in a suit in equity for the reformation of a
  deed: In 1915 an unmarried woman executed and delivered to a
  man a deed which recited, as part of the consideration, that the
  grantee was to give to the woman a mortgage on the parcel conveyed.
  Although both parties thought the description in the deed was that
  of the parcel intended to be conveyed, the description in fact was of
  another parcel.  The deed was recorded, and, without having given
  the mortgage, the grantee conveyed the land and disappeared.  Sub-
  sequent deeds with the same description were given by parties who
  were ignorant of the error in the description, the last deed being in
  1922 to the plaintiff, who thereupon occupied and improved the par-
  cel originally intended to be conveyed.  In 1920 the woman, who
  had married the defendant, learned of the error and in 1922 conveyed
  the parcel by a correct description to one who was a *bona fide* pur-
  chaser for value.  In 1927 that grantee, who had learned of the plain-
  tiff's claim to the parcel, conveyed it for value by the same correct
  description to the defendant, he having been informed of all the facts.
  He repudiated the claim of the plaintiff, who thereupon brought the
  suit.  The plaintiff having declined to take the parcel subject to a
  mortgage in the sum which the man, the original grantee, had agreed
  to give, or to pay that sum, as a condition of relief, the bill was dis-
  missed.  *Held*, that
      (1) The reference to the mortgage in the original deed under which
  the plaintiff claimed was notice to him that the mortgage was to be
  given as part of the consideration for that deed, and was sufficient to
  put him on inquiry;
      (2) Even if the plaintiff were not affected by such notice, he had
  no title to the parcel in question by deed: his sole right was an equi-
  table right to reformation on the ground that he was privy in title to
  the original grantee;
      (3) Even if the plaintiff were an innocent purchaser for value, he
  had no greater rights in equity than had the original grantee;
      (4) Even if the defendant had no greater rights than his wife, the
  original grantor, nevertheless the original grantee would have been
  required to give the mortgage as a condition of obtaining relief in a
  suit by him for reformation;

(5) The plaintiff would not have been justified in assuming that the mortgage referred to in the original deed had been satisfied or that the right of the original grantor to demand it had been waived;

(6) There was no merit in a contention by the plaintiff that the defendant was barred by laches from asserting a claim to an equitable mortgage: he was not required to set up that claim until the plaintiff sought to obtain title to the parcel;

(7) The bill properly was dismissed in the circumstances.

BILL IN EQUITY, filed in the Superior Court on June 15, 1928, for the reformation of a deed. The defendants were Napoleon E. Porter, Grace F. Porter and Jennie A. Chandler.

The suit was referred to a master, material facts found by whom are stated in the opinion. By order of *Lummus,* J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill, "it appearing that the plaintiff is unwilling to take the premises referred to in the bill subject to a mortgage for $600 with interest from December 11, 1915, or to pay the same as a condition of relief." The plaintiff appealed from the final decree.

*A. S. McLaud,* for the plaintiff.

*M. J. Levy,* for the defendants.

SANDERSON, J. This is a suit for reformation of a deed. In 1915 Grace E. Nichols owned a tract of land in New Salem known as the "Abbott Place" and contracted to sell it to Clarence Joslyn. The consideration for the conveyance was Joslyn's agreement to furnish her with board for four months and at the end of that time to execute to her a mortgage for $600, and he agreed not to have the deed recorded until this had been done. On August 11, 1915, she executed and delivered to him a deed which both parties understood to be a conveyance of the "Abbott Place," but the deed contained a description not of the tract intended to be conveyed but of other land. It recited as part of the consideration a mortgage to be given by the grantee to the grantor. The deed was caused to be recorded by the grantee but the mortgage was not given.

Thereafter conveyances with the same erroneous description were made by parties believing they held the legal title, the last in the series being to the plaintiff in 1922.

Soon after Joslyn conveyed his interest in 1917 he disappeared and his present residence is unknown to either party. None of the parties in this chain of title knew of the error in the description. The plaintiff has occupied the property, making improvements and incurring expenses connected therewith.

Shortly after the conveyance to Joslyn his grantor married Napoleon E. Porter. In 1920 she learned for the first time of the error in the description and also learned that Joslyn had parted with his title. In 1922 she conveyed to the defendant Jennie A. Chandler by a correct description the property in question. Chandler was a *bona fide* purchaser for value. In 1923 she learned of the plaintiff's claim to the property and in 1927 conveyed it by the same correct description to Napoleon E. Porter in consideration of his paying some of her bills. At the time of this purchase both parties to the conveyance and Mrs. Porter had knowledge of the facts, and the Porters then, and at all times after discovering the mistake in the description, intended to repudiate and ignore any claim to the property of the successors in title to Joslyn. After the conveyance to Napoleon E. Porter, he notified the plaintiff of his claim of ownership to the property and thereafter this bill was brought.

The case was referred to a master whose report was confirmed and a final decree entered dismissing the bill with costs, the plaintiff having first expressed her unwillingness to take the premises subject to a mortgage for $600 and interest from December 11, 1915, or to pay the same as a condition of relief.

It is assumed for the purposes of this decision that Napoleon E. Porter has no greater rights than his wife, who was the original grantor, would have had if no conveyance had been made by her. Had Joslyn, the original grantee, sought to have the deed reformed, he would have been required as a condition of that relief to give the mortgage which he was under obligation to execute as a part of the consideration for the conveyance to him.

The reference to the mortgage in the deed to Joslyn

being in the chain of title under which the plaintiff claims, gave her constructive notice that a mortgage was to be given by him as a part of the consideration for the conveyance. This would seem under the decisions to have been sufficient to put her upon inquiry. *Hayward* v. *Cain*, 110 Mass. 273, 278. *Childs* v. *Boston & Maine Railroad*, 213 Mass. 91, 94. See *White* v. *Foster*, 102 Mass. 375. But if it be assumed that her rights are not affected by this notice, still the plaintiff can have no greater right to reformation than Joslyn would have had. See *Curran* v. *Magee*, 244 Mass. 1. Her only right to maintain the suit is based upon the fact that she is privy in title to him. The contention, that the defendants as matter of law are estopped to set up a claim to an equitable mortgage because of laches and that the plaintiff has greater rights than Joslyn would have had because she is an innocent purchaser for value, cannot be supported upon the facts found. Mrs. Porter told one of the plaintiff's predecessors in title that she had a mortgage on the place. Within two years after Mrs. Porter learned of the mistake in the description she sold the Abbott Place, and after her husband became the owner, in 1927, he notified the plaintiff of his claim of title. Moreover, it would seem that neither Mrs. Porter nor her successors in title were called upon to set up a claim to an equitable mortgage until someone sought to obtain that title, and, so far as the mistake in the description in the deeds is concerned, the plaintiff is no more an innocent holder than Joslyn was. The recording of the deeds in the plaintiff's chain of title gave her the right to rely upon the record for her title to the land described therein, but it gave her no title by deed or by virtue of the recording acts to the Abbott Place and no equitable rights therein superior to those which the original grantee would have if he had made no conveyance. The plaintiff would not have been justified in assuming that the mortgage referred to in the deed to Joslyn had been satisfied or the right to demand a mortgage had been waived. See *Andrews* v. *Sparhawk*, 13 Pick. 393; *Kellogg* v. *Dickinson*, 147 Mass. 432.

*Decree affirmed with costs.*