ROBERT E. FRANZ vs. BESSIE R. FRANZ.

Essex.   October 8, 1940. — February 13, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Equity Jurisdiction*, To enjoin unlawful interference, Reformation, Mistake.   *Deed*, Reformation.

A decree should not have been entered in a suit in equity enjoining the defendant from interference with a business of the plaintiff where a master had found that the defendant had not attempted so to interfere and there was no finding of an intention on his part to do so.

A wife was entitled to a decree in equity reforming a deed, running to her husband and herself "as joint tenants" and thus creating a tenancy by the entirety, so that it would run to them "as joint tenants but not as tenants by the entirety," where it appeared that they had directed a scrivener that "they were to have equal shares," that the language used in the deed was the scrivener's, and that neither of them knew of a tenancy by the entirety; in accepting the deed they had acted under a mutual mistake as to the legal effect of the language used by the scrivener.

BILL IN EQUITY, filed in the Superior Court on February 14, 1939.

The suit was heard by *Morton*, J.

*M. Goldstein*, for the defendant.

*J. J. Griffin*, for the plaintiff.

DOLAN, J.   This is a suit in equity in which the plaintiff seeks to restrain the defendant, his wife, from interfering with his possession of certain real estate, standing in the names of the parties as "joint tenants," in part of which the plaintiff conducts a variety store, and from entering on the premises or removing any personal property, and to compel the defendant to account for all the rents and profits of the premises, including the store, during the time that the plaintiff "was not under conservatorship."

The defendant filed an answer setting forth that, by virtue of her ownership and that of the plaintiff of the property as joint tenants, she was entitled to possession of the property including the business of which she asserted ownership; and she set up a counterclaim by which she sought

to have the deed of the property running to her and the plaintiff as joint tenants reformed so as to run to the plaintiff and herself as "husband and wife, as joint tenants, but not as tenants by the entirety," and to establish ownership of the "store," and for an accounting. The case was referred to a master who found that the plaintiff was the owner of the "store business," that the defendant since February 13, 1939, at which date the plaintiff took possession of the store, "has not attempted to reënter the store to take possession or to interfere with the conduct of the business," and that the parties agreed that there was nothing due in the matter of an accounting for the period during which the defendant was conducting the business and the plaintiff was not under conservatorship.

In the matter of so much of the counterclaim as concerns the defendant's prayers for reformation of the deed of the real estate involved, the findings of the master are substantially as follows: The real estate in question was purchased on January 2, 1919, by the plaintiff and one Boddy. Each paid one half of the purchase price over and above a mortgage back. On August 28, 1919, the plaintiff purchased Boddy's interest for $1,000. The defendant did not pay any of the purchase price in either of these transactions. In September, 1925, the parties had some talk with their attorney, one Rochefort, about transferring the property to both of them. As a result the premises were conveyed by the plaintiff to Rochefort on September 30, 1925, and on the same day Rochefort conveyed them to the defendant. Some time later when the deed to the defendant was returned to her she "found that the title to . . . [the] premises through error stood only in her name." In April, 1926, the parties conferred with Rochefort and told him that "they were to have equal shares." In consequence the defendant conveyed the premises to Rochefort on April 26, 1926, and on the same day he conveyed the premises to the "plaintiff and defendant, husband and wife, as joint tenants . . . [This] deed did not incorporate any reference by words either affirmatively or negatively to its creation of a tenancy by entirety in the grantees."

The master further found as follows: "There was no evidence that the legal incidents of a tenancy by entirety as distinguished from a joint tenancy were discussed at any time by the parties with Attorney Rochefort. The plaintiff first learned about tenancy by entirety from his counsel in this action and long after the aforementioned deeds. The legal incident of survivorship as a result of the last deed was known to him, however, at the time of the execution of the same. The defendant did not know that she and her husband held title as tenants by the entirety by virtue of the last mentioned deed, nor was she aware of the legal incidents of such a tenancy until so informed by her counsel in this action at the time of the preparation of her account as conservator. There was no evidence from which I could find any additional facts indicative of the intention of the parties in the execution and delivery of the above-mentioned deeds. Under the attendant circumstances, I further find that the defendant is not guilty of laches if the above facts do entitle her to relief."

An interlocutory decree was entered confirming the master's report, and a final decree was entered adjudging the plaintiff to be the owner of the business in question; permanently restraining and enjoining the defendant from interfering with the plaintiff in his possession of the "store and the premises in which the same is conducted"; ordering the defendant to turn over to the plaintiff or his attorney "a list of all claims or debts owed to the . . . business while conducted by her during the absence of the . . . plaintiff, and any documentary evidence necessary to aid the . . . plaintiff in the collection of said claims"; and dismissing the defendant's counterclaim. The defendant appealed. She now concedes that she is bound by the findings of the master as to the ownership of the business, but contends that the plaintiff is not entitled to an injunction, that she should not have been ordered to turn over to the plaintiff a list of claims or debts owed to the business and documentary evidence relating thereto, and that she is entitled to a reformation of the deed dated April 26, 1926.

Because the master has found that the defendant has not

attempted to reënter the store to take possession of it or to interfere with the conduct of the business since the plaintiff took possession of the store on February 13, 1939, and there is nothing in the master's report to show any intended interference therewith on the part of the defendant, we think it was unnecessary and inappropriate to enjoin her from doing that which she has not been doing from the date before mentioned and which the master has not found she intends to do hereafter. See *Sullivan* v. *Barrows*, 303 Mass. 197, 202–203, and cases cited.

We are also of opinion that the findings of the master do not support the direction in the decree that the defendant turn over to the plaintiff the list of debts and documentary evidence referred to in the decree, the master having expressly found that the parties agreed that nothing was due from the defendant to the plaintiff in the matter of an accounting when the defendant conducted the business while the plaintiff was not under conservatorship. The findings of the master reveal no basis for this order.

The remaining question is whether the defendant is entitled to have the deed of April 26, 1926, running to the plaintiff and to her as "husband and wife, as joint tenants," reformed so as to run to them "as joint tenants, but not as tenants by the entirety."

It is established that a deed conveying land to husband and wife as joint tenants, without more, operates to create a tenancy by the entirety unless a contrary intent appears on the face of the instrument. *Hoag* v. *Hoag*, 213 Mass. 50, 53. It is equally well established that such a tenancy confers upon the husband rights paramount to those of his spouse under which during his life and the continuance of the marital relationship he is entitled to possession and control of the granted premises, together with the use and the profits therefrom. *Voigt* v. *Voigt*, 252 Mass. 582. *Raptes* v. *Pappas*, 259 Mass. 37. *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486. *Cunningham* v. *Ganley*, 267 Mass. 375. *Peter* v. *Sacker*, 271 Mass. 383. *Splaine* v. *Morrissey*, 282 Mass. 217. *Childs* v. *Childs*, 293 Mass. 67.

Manifestly in the present case the deed in question did

not embody within its terms the clear intent of the parties as expressed to the scrivener, that the conveyance of the premises was to be such as to give to each equal rights under the deed. In accepting the deed drawn by the scrivener the parties were acting under a mutual mistake as to the legal effect of the language in the deed, not employed by them, but used by the scrivener, with a result on the face of the deed not intended or directed by either of the parties. We are of opinion that in such circumstances the defendant is entitled to relief. *Canedy* v. *Marcy*, 13 Gray, 373, 377. *Dickman* v. *McClellan*, 302 Mass. 87, 89, and cases cited. See also *Page* v. *Higgins*, 150 Mass. 27; *Reggio* v. *Warren*, 207 Mass. 525, 534, 535; *Keith* v. *Thomas*, 266 Mass. 566, 571. The fact that the parties accepted the deed phrased in language not in accord with their directions and intentions is not a ground for refusing reformation of the deed. The deed did not accurately express the conveyance that the scrivener was directed by the parties to prepare, and the case is thus distinguishable from such cases as *Coolidge* v. *Loring*, 235 Mass. 220, and *Taylor* v. *Buttrick*, 165 Mass. 547. Except in certain cases of which the present case is not one, it is settled that "where both parties have an identical intention as to the terms to be embodied in a proposed written conveyance . . . [and the] writing executed by them [or at their direction] is materially at variance with that intention, either party can get a decree that the writing shall be reformed so that it shall express the intention of the parties, if innocent third persons will not be unfairly affected thereby." Am. Law Inst. Restatement: Contracts, § 504. *Goode* v. *Riley*, 153 Mass. 585. *Burke* v. *McLaughlin*, 246 Mass. 533. *Sinclair* v. *Holden*, 261 Mass. 412. *Crowley* v. *Holdsworth*, 264 Mass. 303. *Baker* v. *Porter*, 273 Mass. 9. Compare *Ritson* v. *Atlas Assurance Co. Ltd.* 279 Mass. 385. The present case is not one of an erroneous understanding of the legal effect of the agreement of the parties that the property should be so conveyed as to be held by them in equal shares, but is a case of an erroneous understanding of the words selected, not by the parties but by the scrivener, which were not in

accordance with their expressed intent. In these circumstances, where the expected legal consequences were not provided for in the deed, we think that the defendant is entitled to have the deed reformed to carry out the expressed intent of the parties. "It is the mistake of the parties to the deeds which we are to inquire into; and if [as it appears in the present case] they were misled by a misplaced confidence in the skill of the scrivener, it can hardly be said to be a mistake of law and not of fact on their part. But . . . courts of equity in such cases are not limited to affording relief only in case of mistake of facts; and . . . a mistake in the legal effect of a description in a deed, or in the use of technical language, may be relieved against, upon proper proof." *Canedy* v. *Marcy*, 13 Gray, 373, 377. *Reggio* v. *Warren*, 207 Mass. 525, 533, 534, 535, and cases cited. Williston, Contracts (Rev. ed.) § 1588, and cases cited. For relief "It is sufficient that the parties had agreed to accomplish a particular object by the instrument to be executed, and that the instrument as executed is insufficient to effectuate their intention." Williston, Contracts (Rev. ed.) § 1585, and cases cited. See also §§ 1584, 1587, and cases cited.

The evidence is not reported, and the finding of the master that the defendant has not been guilty of laches, not being inconsistent with the subsidiary facts found by him, must stand. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, 435.

In view of all that we have said, we are of opinion that the plaintiff is not entitled to any relief on his bill. The final decree entered by order of the judge is reversed and, instead, a decree is to be entered dismissing the plaintiff's bill; and on the defendant's answer in counterclaim a decree is to be entered that the deed in question, dated April 26, 1926, recorded in North District Essex Registry of Deeds, Book 521, page 301, be reformed so as to run to "Robert E. Franz and Bessie R. Franz, husband and wife, both of Andover in the said County and Commonwealth as joint tenants but not as tenants by the entirety."

*Ordered accordingly.*