**John DANE, Jr., as Executor under the Will of Eunice C. Dane**

v.

**Denis W. DELANEY, Individually and as former Collector of Internal Revenue.**

Civ. A. No. 52–223.

United States District Court, D. Massachusetts.

Oct. 22, 1954.

John Dane, Jr., Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Philip T. Jones, Arthur I. Weinberg, Asst. U. S. Atty., Boston, for defendant.

SWEENEY, Chief Judge.

This is an action to recover a federal estate tax alleged to have been erroneously paid by the plaintiff as executor under the will of Eunice C. Dane.

### Findings of Fact

On April 7, 1936, John Dane, husband of the decedent taxpayer, conveyed certain real estate located in Maine, through a straw, to John Dane and his wife Eunice "as tenants by the entirety". The parties to this action are in entire agreement that since the passage of the Married Women's Property Act about one hundred years ago, Maine has not recognized a tenancy by the entirety so that this action must determine what sort of an estate was created by the conveyance above referred to. The husband John died on March 27, 1939, and Eunice the wife died on April 13, 1946. In preparing her federal estate tax, the executor included the real estate in question at its full value of $22,500 and paid a tax thereon.

Subsequently the executor took the position that the conveyance of April 7, 1936, created a tenancy in common and that as a result only one half of the value of the real estate was subject to the federal estate tax. A claim for refund in the amount of $3,532.50 with interest was denied by the commissioner, and all other conditions precedent to the right to bring this action have been complied with.

The precise question to be decided here (and which has never been decided by the Maine courts) is,—does an attempt to create a tenancy by the entirety in the state of Maine result in a tenancy in common or joint tenancy? If it was a tenancy in common, the plaintiff is entitled to recovery. If it was a joint tenancy, he is not.

Chapter 87, section 13, of the Maine Revised Statutes provides that,

"Conveyances not in mortgage, and devises of land to two or more persons, create estates in common, unless otherwise expressed. Estates vested in survivors upon the principle of joint tenancy shall be so held."

In Staples v. Berry, 110 Me. 32, 85 A. 303, 304, it was said by the court:

" * * * estates in joint tenancy are not favored in law at the present day and cannot be created in this state without unequivocal and compelling language."

In Stetson v. Eastman, 84 Me. 366, 24 A. 868, 870, it was said:

**596**

"The law itself never creates joint tenancy * * * the law catches at straws to prevent its application to cases."

It is the contention of the Government that this property was held in joint tenancy because it clearly appears from the wording of the conveyance that it was the intent of John Dane to create a special kind of joint tenancy but that since this special type is not recognized by the courts of Maine, then the effect was to treat it as an ordinary joint estate. They urge that the intent of the parties should prevail. In Strout v. Burgess, 144 Me. 263, 68 A.2d 241, 12 A.L.R.2d 939, where an attempt was made to transfer stocks to two persons who were to hold as joint tenants and the transfer so specified, the court held that since the unities of time and title were not present then even though the intent was clear to create a joint tenancy that it nevertheless created a tenancy in common.

The four unities of time, title, interest and possession must be present in any joint tenancy. In the present case the unities of interest and possession are lacking. Clearly an attempt to create a tenancy by the entirety does not create a unity of possession or interest, for the courts have held that such an estate confers upon the husband rights paramount to those of his spouse under which during his lifetime and continuance of marital relationship he is entitled to possession and control together with the use and the profits. See Franz v. Franz, 308 Mass. 262, 32 N.E. 2d 205, 135 A.L.R. 1448. From the foregoing I must find that the estate resulting from this attempted creation of a tenancy by the entirety is a tenancy in common.

### Conclusions of Law

From the foregoing I conclude and rule as a matter of law that the estate set up by the conveyance of April 7, 1936, was a tenancy in common. Judgment is to be entered in favor of the plaintiff in the amount of $3,532.50 together with interest.