Rescripts.

FRANK C. SMITH *vs.* CITY OF LEOMINSTER. February 26, 1965. Final decree affirmed. The findings of fact made by the judge in the Superior Court are supported by the evidence. The findings support the decree dismissing the plaintiff's bill. The findings show that there was consideration by way of benefit to the plaintiff for the deed which the plaintiff sought to cancel granting the city a site for a water tank and a right of way; also that the plaintiff throughout the negotiations was of vigorous health in mind and body, experienced in land development, and in complete control of the situation as it affected his tract of land. The demurrer to the counterclaim was waived by the plaintiff when he informed the judge that he did not wish to be heard on it. The final decree rightly ordered the relief sought by the counterclaim, that is, the correction of a drafting error that had caused two dimensions in the deed to be incorrectly stated contrary to the intention of the parties. *Franz* v. *Franz,* 308 Mass. 262.

*Philip J. Murphy (Leo C. DesChenes with him) for the plaintiff.*
*Henry P. Grady (Carl F. Lanza with him) for the defendant.*

RALPH W. E. LUNDGREN & another[1] *vs.* RITA V. CLOUGH. March 1, 1965. Exceptions sustained. Judgment for the defendant. It was error to submit the issue of negligence to the jury on evidence which, in the light most favorable to the plaintiffs, we summarize as follows: The defendant, a nurse, had been proceeding west, in practically no traffic, on Route 9 in Framingham. She stopped her vehicle at a crossover or break in the center strip on Route 9 for the purpose of making a permitted left turn into Oaks Road which enters Route 9 only from the south. Her car was parallel to the north curb of the strip, headed west, with the front wheels about two feet beyond the nearest edge of the crossover and slightly turned to the left. She remained stopped "a minute or two" waiting for a letup in the steady flow of eastbound traffic. She saw in her rear view mirror a vehicle which was "barrelling down the road" at a terrific rate of speed. She knew enough to lie down in the seat and cover her head with her hands, and did so. The car from the rear, operated by a driver admittedly drunk, crashed into the defendant's car and catapulted it across the center strip into the path of the plaintiffs' car, which was proceeding east on the south side of Route 9, causing injuries to all. On any rational view of the evidence it cannot be said that the injuries sustained by the plaintiffs were caused by the negligence of any person other than the drunken driver. See *Buda* v. *Foley,* 302 Mass. 411, 413. The defendant's motion for directed verdicts should have been allowed.

*Mayo A. Darling for the defendant.*
*John F. Buckley for the plaintiffs.*