GEORGE R. GREEN & another *vs.* CAPPY HOMES CO., INC., & others.

Plymouth. January 2, 1968. — March 8, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Equity Jurisdiction,* Mistake. *Real Property,* Boundary.

Where it appeared that a seller of two lots of land, one adjoining the other on the north, and the respective purchasers of the lots were all mutually mistaken in believing that the boundary between the lots was about thirty-five feet northerly of a house on the southerly lot and did not learn until a survey was made long after the purchases that the boundary was in fact only about two inches from the house, it was proper in a suit in equity to enter a decree ordering a conveyance by the owners of the northerly lot to the owners of the southerly lot of sufficient land from the northerly lot to move the boundary to a distance of about ten feet from the house on the southerly lot, and ordering the seller to convey to the owners of the northerly lot compensatory land adjoining that lot on the west.

BILL IN EQUITY filed in the Superior Court on November 2, 1965.

The suit was heard by *Vallely,* J.

*John J. Daley* for the defendants Gino A. Iolli & another.

*Henry N. Frenette, Jr.,* for the plaintiffs.

REARDON, J.   The defendants Gino A. Iolli and Bessie M. Iolli appeal from a final decree which ordered them to convey to the plaintiffs a certain parcel of land in Brockton.

A master to whom the case was referred found as follows. In independent transactions, the Iollis purchased from Cappy Homes Co., Inc. on September 25, 1962, a lot numbered 12 on a plan of land dated November 20, 1956, and on February 4, 1963, the plaintiffs purchased a lot numbered 13 on the same plan from the same grantor.   Lot 12 adjoined lot 13 to the north.   When the Iollis purchased lot 12, Cappy Homes Co., Inc. had commenced construction of a house on lot 13 which, now completed, is located within two inches of the true dividing line between lots 12 and 13. When the plaintiffs were negotiating with Cappy Homes Co., Inc. for the purchase of lot 13, its treasurer stood at a point approximately thirty-five feet north of the dividing line between the lots and indicated that the northern sideline of lot 13 would be approximately that distance from the house on the lot.   After the plaintiffs moved into their house, Cappy Homes Co., Inc. seeded around the house and about thirty-five feet north into lot 12.   For two years thereafter the plaintiffs and the Iollis cut their lawns to a line about thirty-five feet from the plaintiffs' house.   The plaintiffs in this period without objection from the Iollis "placed within this 35 foot strip of land north of . . . [the plaintiffs'] house shrubs, bushes, a shed and other articles." In September, 1965, a survey made for the Iollis demonstrated the true dividing line to be within two inches of the plaintiffs' house.   Gino Iolli then commenced to mow his lawn to within two inches of the plaintiffs' home, and ordered them to remove the shed and other movable articles on the strip, which they have done.   They have not removed the shrubs and bushes as requested by him.

The final decree provides for a conveyance by the Iollis of approximately 800 square feet of land which has the effect of moving the northerly line of lot 13 to a point somewhat in excess of ten feet from the plaintiffs' house.   It also provides for a conveyance by Cappy Homes Co., Inc.

to the Iollis of about 800 square feet from lot 4 as shown on the 1956 plan, which lot adjoins the Iollis' lot to the west. Under the decree legal fees in a stated amount are to be paid to the plaintiffs' attorney by Cappy Homes Co., Inc. and there are provisions relative to the removal of certain plantings on the Iollis' land.

It is amply shown that all parties to this suit were mistaken in the correct location of the line between lots 12 and 13 which did not appear until the 1965 survey. A review of the exhibits demonstrates that the trial judge effected in the decree an entirely equitable and wise disposition of the problem before him. His authority to do this is questioned by the Iollis on the ground that there was no privity of contract between the plaintiffs and themselves.

1. We first consider this contention. The plaintiffs derive their title to lot 13 from Cappy Homes Co., Inc. and stand in the shoes of that corporation relative to possible rights to reform the deed of lot 12 to the Iollis, arising out of the mutual mistake of the corporation and the Iollis with respect to the boundary. See *Baker* v. *Porter*, 273 Mass. 9, 12; *Berger* v. *Bhend*, 79 Ariz. 173; *Hart* v. *Blabey*, 287 N. Y. 257; *Houlihan* v. *Murphy*, 93 R. I. 499; *Scott* v. *Freedom Dev. Corp.* 219 N. Y. S. 2d. 494. Williston, Contracts (2d ed.) § 1550.

2. The master's findings make plain that the Iollis' grantor intended to sell, and that the Iollis intended to buy, a lot with a dividing line about thirty-five feet from the plaintiffs' house. This was evidenced by the indication of the boundary line given by the treasurer of the corporation to the plaintiffs and by the use of the thirty-five foot strip by the plaintiffs up to the 1965 survey. When the Iollis purchased their lot the plaintiffs' house was visible on the adjoining lot under construction and it is not probable that the Iollis intended to buy within two inches of the plaintiffs' house. *Korosic* v. *Pearson*, 377 Ill. 413, 416. See *Wallace* v. *Williams*, 156 Cal. App. 2d 646, 651. The mutual mistake can be seen in the subsequent conduct of the corpo-

ration in seeding the plaintiffs' land thirty-five feet out from the house and in the Iollis' failure over two years to object to the plaintiffs' activity on that strip. See *Hall* v. *Shain*, 291 Mass. 506, 512; *Parsons* v. *Ryan*, 340 Mass. 245, 248; *Commonwealth* v. *Smith*, 350 Mass. 600. The corporation and the Iollis understood the language of the deed but both misapprehended the actual boundaries. *Hart* v. *Blabey*, 287 N. Y. 257. See *Eustis Mfg. Co.* v. *Saco Brick Co.* 198 Mass. 212, 218; *Burke* v. *McLaughlin*, 246 Mass. 533, 540, 541; *Smith* v. *Leominster*, 348 Mass. 792.

*Decree affirmed with costs of appeal.*